**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

KEITH EPSTEIN, #45279-039,

        Petitioner,

v.                                                    Case No. 12-10780

J.S. WALTON,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
BROUGHT PURSUANT TO 28 U.S.C. § 2241**

Petitioner Keith Epstein is a federal prisoner confined at the Federal Correctional Institution (FCI), Milan, Michigan. On October 17, 2011, Epstein was sentenced by the United States District Court for the Eastern District of Michigan (Edmunds, J.) to a 97-month term of imprisonment and five years' supervised release for bank fraud in violation of 18 U.S.C. §1344. His petition claims that his conviction was obtained in violation of the Interstate Agreement of Detainers. Because Petitioner has failed to establish that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective, the petition for writ of habeas corpus bought under § 2241 will be denied.

**I. DISCUSSION**

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper only where the inmate is challenging the manner in which his sentence is being executed. *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 1998). A motion to vacate sentence under § 2255 is the proper avenue for relief as to a federal inmate's claims that his sentence was imposed in violation of the federal constitution or laws. *Id*.

A motion under § 2255 affords the same rights as a habeas corpus petition. *Davis v. United States*, 417 U.S. 333, 343-44 (1974). However, unlike federal habeas corpus proceedings, a motion under § 2255 is ordinarily presented to the judge who presided at the original conviction and sentencing of the prisoner. Rule 4(a), 28 U.S.C. foll. § 2255; *See also Hill v. United States*, 368 U.S. 424, 427 (1962).

A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention. *See Wooten v. Cauley*, 677 F. 3d 303, 307 (6th Cir. 2012). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *See Charles v. Chandler*, 180 F. 3d 753, 758 (6th Cir. 1999). The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner. *See In Re Gregory*, 181 F. 3d 713, 714 (6th Cir. 1999).

The circumstances under which a motion to vacate sentence brought pursuant to § 2255 might be deemed inadequate and ineffective so as to permit relief via a writ of habeas corpus under § 2241 are narrow, as the "liberal allowance" of the writ would defeat the restrictions placed on successive petitions or motions for collateral relief imposed by the AEDPA. *United States v. Peterman*, 249 F. 3d 458, 461 (6th Cir. 2001). To date, no federal circuit court has permitted a post-AEDPA petitioner who was not effectively making a claim of "actual innocence" to use § 2241 (via § 2255's savings clause) as a way of circumventing § 2255's restriction on the filing of a second or successive motion to vacate sentence. *Charles v. Chandler*, 180 F. 3d at 757.

In this case, Petitioner is not entitled to habeas relief from his conviction because

2

there is no allegation in his petition that his remedy under Section 2255 would be inadequate or ineffective to test the legality of his conviction. *See Baldwin v. United States*, 412 F. Supp. 2d 712, 716 (N.D. Ohio 2005). Indeed, a review of the court docket sheet from Petitioner's criminal case shows that Petitioner filed a motion to vacate sentence with the district court on September 4, 2012. The United States has filed an answer to the motion, and the matter remains pending before the court. Petitioner is therefore unable to show that his post-conviction remedy under § 2255 is inadequate or ineffective, so as to permit him to challenge his conviction by means of a § 2241 habeas petition. An inmate convicted of a federal crime cannot claim that the post-conviction remedies that are available to him under § 2255 are inadequate or ineffective until he has unsuccessfully attempted to obtain post-conviction relief by filing a § 2255 motion. *See e.g. Capaldi*, 135 F. 3d at 1124; *see also Copeland v. Hemingway*, 36 Fed. Appx. 793, 794-95 (6th Cir. 2002).

While Petitioner alleges that he is actually innocent, he does not claim to be factually innocent of the charges. That is, he does not assert that he did not commit the bank fraud or that some intervening change in the law rendered his conduct lawful. Rather, he only argues that the alleged violation of the Interstate Agreement on Detainers rendered him somehow legally innocent. This sort of argument does not invoke the actual innocence exception allowing the use of a § 2241 petition to attack a conviction via § 2255's savings clause. *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001)

3

Without any allegation that his remedy under § 2255 is inadequate or ineffective, Petitioner is not entitled to habeas relief from his criminal conviction pursuant to 28 U.S.C. § 2241.  Moreover, this court cannot construe this petition as a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255.  *In re Shelton*, 295 F. 3d 620, 622 (6th Cir. 2002).

Accordingly, the court will deny the petition for writ of habeas corpus. This dismissal is without prejudice to Petitioner filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255.

## II. CONCLUSION

Based upon the foregoing, the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is DENIED. Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States*, 355 F. 3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

                                                s/Robert H. Cleland
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated:  January 31, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 31, 2013, by electronic and/or ordinary mail.

                                                s/Lisa Wagner
                                                Case Manager and Deputy Clerk
                                                (313) 234-5522